**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

MONICA JUAREZ, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

SAN ANTONIO MED SPA LLC.,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No. 5:26-cv-06778**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Monica Juarez ("Plaintiff"), brings this action against Defendant, San Antonio Med Spa LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Texas Business and Commerce Code §§ 302.101 and 305.053 ("TBCC").

## NATURE OF THE ACTION

2. This is a putative class action under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code §§ 302.101 and 305.053 (the "TBCC").

3. Defendant is a Texas limited liability company that provides medical spa services, including aesthetic and cosmetic treatments, based out of Texas.

4. To promote its goods and services, Defendant engages in aggressive telephonic sales calls and text messages to consumers with no regard for consumers' rights under the TCPA and TBCC, even after customers opt out from Defendant's communications.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. This Court also has supplemental jurisdiction over Plaintiff's Texas state law claims under 28 U.S.C. § 1367. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Western District of Texas and, on information and belief, Defendant has sent the same text messages and placed the same calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such

calls have occurred within this district, subjecting Defendant to jurisdiction in the Western District of Texas.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

8. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9. The TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

10. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

11. Under the TCPA, a text message is a "call." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951–52 (9th Cir. 2009).

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302**

12. Recognizing the particular harm that unsolicited telemarketing poses, the Texas Legislature enacted Chapter 302 of the Texas Business and Commerce Code, which requires "sellers" making "telephone solicitations"—telephone calls initiated to induce a person to "purchase, rent, claim, or receive an item"—to register with the Texas Secretary of State. Tex. Bus. & Com. Code §§ 302.001, 302.101.

13. Specifically, Section 302.101 provides that a "seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds

a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

14. "'Telephone solicitation' means "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7)

15. A "seller" is defined as "a person who makes a telephone solicitation on the person's own behalf." Tex. Bus. & Com. Code § 302.001(5).

16. Plaintiff is entitled to seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302.

## TEXAS BUSINESS AND COMMERCE CODE § 305.053

17. A person who receives a communication that violates 47 U.S.C. § 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

18. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1)-(2).

## PARTIES

19. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Bexar County, Texas.

20. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 2227 (the “2227 Number”) that received Defendant’s telephonic sales calls and text messages.

21. Defendant is a Texas limited liability company whose principal place of business is at 22015 W I-10, Suite 204, San Antonio, TX 78257.

22. Defendant directs, markets, and provides its business activities throughout the State of Texas.

23. Unless otherwise indicated, the use of Defendant’s name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

24. Beginning at least in October 2024 (as shown below), Defendant sent or caused to be sent multiple telemarketing text messages and placed telemarketing calls to Plaintiff’s 2227 Number, from Defendant’s telephone numbers 210-759-4995, 210-405-4011, 210-512-5199, and 210-446-6263, numbers which upon information and belief are owned, operated, or used by or on behalf of Defendant.

25. On or about October 21, 2024, and November 5, 2024, Defendant sent text messages to Plaintiff’s 2227 Number from telephone number 210-759-4995, as shown below:


2:04
5G 66
+1 (210) 759-4995
Text Message • SMS
Oct 21, 2024 at 6:37 PM
GLOW & GLAM
HOLIDAY CELEBRATION
FUN INTERACTIVE BEAUTY STATIONS
LIGHT SNACKS & COCKTAILS • EXCITING RAFFLES & GIFTS
NOV.08.2024 | 5:30PM
SAN ANTONIO MED SPA
FREE ENTRY
RSVP (210)446-6263
You're invited: Glow & Glam Holiday Celebration on Nov 8! Enjoy live demos, raffles, cocktails, and more. Reply Yes to secure your spot.
- San Antonio Med Spa
Text STOP to opt out
Nov 5, 2024 at 10:57 AM
3 DAYS TO GO
GLOW & GLAM
HOLIDAY CELEBRATION
08
5:30 PM
22015 W IH-10 Suite 204
San Antonio, TX 78257
Text Message • SMS

26. Defendant sent text messages to Plaintiff's 2227 Number from telephone number (210) 405-4011, on or about June 10, 2025, and August 19, 2025, as shown below:






27. On or about June 29, 2026, Defendant placed a call to Plaintiff's 2227 Number from telephone number (210) 512-5199 and left a voicemail, as shown below:



28. On the same day, June 29, 2026, Plaintiff revoked her consent to be contacted by sending an opt-out request to Defendant's telephone number (210) 446-6263, which was the number referenced in the voicemail she received. In her message, Plaintiff stated: "Please remove my number from your call spam list. I have reached out many times before to report this issue. I was told my number was removed and it hasn't been. I'm getting bombarded with calls and texts from San Antonio Med spa." Plaintiff's message reflects that she had previously requested that Defendant stop contacting her, and that Defendant had represented that her number was removed, yet Defendant continued its solicitations, as shown below:




29. In In response to Plaintiff's opt-out request, Defendant sent Plaintiff a text message acknowledging her request and expressing an understanding of how frustrating the situation could be for Plaintiff (as shown above).

30. Despite acknowledging Plaintiff's request to cease further communications, Defendant continued contacting Plaintiff.

31. Approximately six weeks later, on August 2026, Defendant resumed sending text messages to Plaintiff's 2227 Number from telephone number (210) 759-4995, in direct violation of Plaintiff's opt-out request, as shown below:




32. On or about August 2026, Plaintiff sent a second opt-out request to Defendant, again demanding that Defendant cease all communications with Plaintiff.

33. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

34. As demonstrated by the facts set forth above, Defendant does not honor reasonable consumer requests to opt out of text message and telephonic solicitations. Indeed, Plaintiff attempted to opt out of Defendant's communications by telling Defendant not to contact her anymore, but Defendant continued to text message and call Plaintiff, intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

35. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages and calls from Defendant.

36. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

37. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's opt-out revocation.

38. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

39. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

40. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages and calls it sent to Plaintiff, as reflected by the fact that Plaintiff made an opt-out request and that request was never processed;

it was ignored by Defendant and its employees, and Defendant continued to send text messages approximately six weeks after Plaintiff's opt-out request.

41. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt out of future communications are honored within a reasonable time.

42. Indeed, Plaintiff's and the Class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

43. Defendant's text messages and calls were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

44. Defendant's text messages and calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's medical spa services.

45. The information contained in the text messages and calls advertises Defendant's various services, discounts, and promotions, which Defendant sends to promote its business.

46. Upon information and belief, Defendant does not have a written policy for maintaining an internal do-not-call list pursuant to 47 C.F.R. § 64.1200(d)(1).

47. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do-not-call list pursuant to 47 C.F.R. § 64.1200(d)(2).

48. Defendant sent the subject texts and placed the subject calls within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages and calls to be sent to individuals residing within this judicial district.

49. Defendant's texts and calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

50. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

51. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages or calls.

52. Plaintiff has no existing business relationship with Defendant.

53. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least June 29, 2026, when Plaintiff sent her opt-out request.

54. Plaintiff is the subscriber and sole user of the 2227 Number and is financially responsible for phone service to the 2227 Number.

55. Plaintiff's 2227 Number is her residential number which she uses for personal purposes.

56. Plaintiff registered her 2227 Number with the National Do-Not-Call Registry on May 8, 2014, and has been registered at all times relevant to this action.

57. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

58. The text messages and calls originated from at least telephone numbers 210-759-4995, 210-405-4011, 210-512-5199, and 210-446-6263, numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

59. Upon information and belief, Defendant has access to outbound transmission reports for all text messages and calls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message and call logs showing Plaintiff's and the Class members inbound opt-out requests.

60. Defendant's unwanted telemarketing text messages and calls caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages and calls also inconvenienced Plaintiff and caused disruption to her daily life.

61. Defendant's unwanted telemarketing text messages and calls caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages and calls. Each time, Plaintiff had to stop what she was doing to either retrieve her phone and/or look down at the phone to review the message or answer the call.

62. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls and text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of her time in addressing and attempting to stop Defendant's solicitations.

**TEXAS TELEPHONE SOLICITATION REGISTRATION VIOLATIONS**

63. On October 5, 2026, Plaintiff's counsel searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendant.

64. Defendant has never been registered to telephone solicit in Texas or to Texas residents.

65. Each text message alleged herein was sent without a valid Texas telephone solicitation registration.

66. Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

## CLASS ALLEGATIONS

### PROPOSED CLASS

67. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

68. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.**
>
> **National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) received at least two text messages within any 12-month period; (2) from Defendant or on Defendant's behalf; (3) for the purpose of promoting Defendant's products and services; (4) to the person's personal telephone number; (5) while Defendant did not institute procedures that met the minimum standards required by 47 C.F.R. § 64.1200(d)(1)-(6).**

**<u>Texas Do Not Call Registry Class:</u> All persons in Texas who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of selling Defendant's products and services.**

**<u>Texas Telephone Solicitation Registration Class:</u> All persons in the United States who, from four years prior to the filing of this action, (1) received a telephone solicitation, as defined by Tex. Bus. & Com. Code § 302.001(7), made from a location in Texas or by or on behalf of a seller whose business location was in Texas; (2) for the purpose of selling Defendant's products and services; and (3) at a time when Defendant did not hold a valid telephone solicitation registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101.**

69. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

70. Also excluded from the Classes are persons who, after making a request to Defendant to not receive future text messages or telephone calls, subsequently affirmatively opted in to receive text messages or telephone calls from Defendant.

**<u>NUMEROSITY</u>**

71. Upon information and belief, Defendant has placed telephonic sales calls and sent text messages to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

72. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

73. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant initiated telephonic sales calls and text messages to Plaintiff and the Class members;

b) Whether Defendant violated 47 C.F.R. § 64.1200(c);

c) Whether Defendant violated 47 C.F.R. § 64.1200(d);

d) Whether Defendant violated the TBCC;

e) Whether Defendant was registered to make telephone solicitations in Texas pursuant to Tex. Bus. & Com. Code § 302.101

f) Whether Defendant adhered to requests by Class members to stop sending text messages and placing calls to their telephone numbers;

g) Whether Defendant keeps records of text and call recipients who revoked consent to receive texts and calls;

h) Whether Defendant has any written policies for maintaining an internal do-not-call list;

i) Whether Defendant's conduct was knowing and willful; and

j) Whether Defendant is liable for damages, and the amount of such damages.

74. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls and text messages to consumers after they had requested to be opted out and at times prohibited by law, Plaintiff and

the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

75. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

76. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

77. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

78. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain Class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

79. Plaintiff repeats and realleges paragraphs 1 through 78 of this Complaint and incorporates them by reference herein.

80. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

81. 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

82. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

83. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

84. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

85. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

86. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**<u>Violation of 47 U.S.C. § 227(c)(5)</u>**
**(Individually and on Behalf of the National Internal Do Not Call Class)**

87. Plaintiff re-alleges and incorporates paragraphs 1 through 78 as if fully set forth herein.

88. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

89. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded- voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

90. Under 47 C.F.R. § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the

> Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.*"

47 C.F.R. § 64.1200(e).

91. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls and text messages from Defendant.

92. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

93. Defendant continued to send telemarketing calls and messages to Plaintiff more than ten (10) business days after Plaintiff's opt-out request.

94. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant, pursuant to 47 C.F.R. § 64.1200(d).

95. Because Plaintiff and the Internal Do Not Call Class members received more than one text message or telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

96. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

97. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

98. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

99. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**Violation of the TBCC § 305.053**
**(On Behalf of Plaintiff and the Texas Do Not Call Registry Class)**

100. Plaintiff repeats and realleges paragraphs 1 through 78 of this Complaint and incorporates them by reference herein.

101. The TBCC provides: "A person who receives a communication that violates 47 U.S.C Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." Texas Bus. & Com. Code §305.053(a).

102. As set forth above, Defendant violated 47 C.F.R § 64.1200(c) of the TCPA's implementing regulations by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry.

103. Moreover, 47 C.F.R § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

104. Under the TBCC, Plaintiff and the Class members are entitled to recover $500 in statutory damages for each violative text message. Texas Bus. & Com. Code §305.053(b).

**COUNT IV**
**Violation of the TBCC § 302.101**
**(On Behalf of Plaintiff and the Texas Telephone Solicitation Registration Class)**

105. Plaintiff repeats and re-alleges paragraphs 1 through 78 of this Complaint and incorporates them by reference herein.

106. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

107. "Telephone solicitation" means a "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7).

108. Defendant is a "seller" as defined under Tex. Bus. & Com. Code § 302.001(5), as it made telephone solicitations on its own behalf.

109. Defendant has never held a valid telephone solicitation registration certificate from the Texas Secretary of State.

110. No exemption under Chapter 302 applies to the telephone solicitations at issue.

111. The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of Tex. Bus. & Com. Code § 302.101, by making unregistered telephone solicitations to Plaintiff's and the Texas Telephone Solicitation Registration Class's cellular telephone numbers without a valid registration certificate.

112. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, set out above, violate the TCPA and the TBCC;

d) An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, to cease making telephone solicitations in Texas without a valid registration certificate, and to otherwise protect the interests of the class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone numbers associated with the communications or transmittal of the calls and text messages as alleged herein.

Dated: October 21, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*
Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*